10-186-cv
Knight v. United States Securities and Exchange Commission

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of December, two thousand ten.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> GUIDO CALABRESI,
> ROBERT D. SACK,
> > *Circuit Judges.*

_____

Anthony Knight,

> *Plaintiff-Appellant,*

> -v.-                                                    10-186-cv

United States Securities and Exchange Commission, *et al.*,

> *Defendants-Appellees.*

_____

FOR APPELLANT:          Anthony Knight, *pro se*, Great Neck, New York.

FOR APPELLEES:          David M. Becker, General Counsel, Thomas J. Karr, Assistant
                        General Counsel, Wm. Smith Greig, Senior Counsel, Securities
                        and Exchange Commission, Washington, D.C.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the district court judgment is **AFFIRMED**.

Plaintiff-Appellant Anthony Knight, *pro se*, appeals from the December 22, 2009 judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*) dismissing his complaint. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

This Court reviews *de novo* a district court decision dismissing a complaint pursuant to Rule 12(b)(1) or (6). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (Rule 12(b)(1)); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (Rule 12(b)(6)). In each instance, this Court "constru[es] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers*, 282 F.3d at 152; *see also Triestman*, 470 F.3d at 474. Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

On appeal, Knight has not challenged the district court's dismissal of his claims against John Reynolds for failure to effect proper service, and he has therefore abandoned any claim that the district court's dismissal of this defendant was erroneous. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995). The district court held that the remaining individual defendants were entitled to absolute immunity. Insofar as they represent the Securities and Exchange Commission ("SEC") in prosecuting the securities action against Knight, they are entitled to absolute prosecutorial immunity. *See Cornejo v. Bell*, 592 F.3d 121, 127-28 (2d Cir. 2010). However, they would not be entitled to absolute immunity insofar as some of Knight's allegations arise from

investigatory (as opposed to prosecutorial) functions. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 396 (2d Cir. 2006) (noting that "a government attorney is entitled only to qualified immunity when functioning in an administrative or investigative capacity").

We may affirm, however, on any ground supported by the record. *See Leecan v. Lopes*, 893 F.2d 1434, 1439 (2d Cir. 1990). Knight has failed to state a constitutional claim arising from the defendants' investigatory activity. Knight broadly contends that the defendants coerced witnesses and falsified evidence; but the misconduct he specifically alleged—that the defendants asked leading and repetitive questions during recorded, deposition-like investigative testimonies, failed to provide him notice of these interviews, and insinuated to investors that his company had engaged in improper activity—does not constitute a violation of his constitutional rights. *See Kinoy v. Mitchell*, 851 F.2d 591, 594 (2d Cir. 1988) ("A predicate for recovery under *Bivens* [*v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)], of course, is that the plaintiff possess a constitutional right capable of violation.").

As to other allegations, Knight has no constitutional right to notice of the SEC's investigatory activities, *see SEC v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 742 (1984) (holding that "neither the Due Process Clause of the Fifth Amendment nor the Confrontation Clause of the Sixth Amendment is offended when a federal administrative agency, without notifying a person under investigation, uses its subpoena power to gather evidence adverse to him"); nor has he raised a cognizable constitutional claim premised on an alleged harm to his reputation, *see Siegert v. Gilley*, 500 U.S. 226, 233-34 (1991). Knight contends that SEC attorneys asked leading and repetitive questions, and thereby coerced witnesses into making false statements. However, "in order to state a legally sufficient claim for the manufacture of false evidence, a plaintiff must colorably allege that this evidence was used

3

against him to cause a constitutional injury." *Rolon v. Henneman*, 517 F.3d 140, 148 (2d Cir. 2008). Knight has failed to make this showing. *See Zahrey v. Coffey*, 221 F.3d 342, 348 (2d Cir. 2000) ("The manufacture of false evidence, in and of itself, . . . does not impair anyone's liberty, and therefore does not impair anyone's constitutional right." (internal quotation marks omitted)).

Having reviewed the remainder of Knight's contentions on appeal and the record of proceedings below, we affirm for substantially the same reasons stated by the district court in its thorough opinion.

We have considered all of the appellant's arguments and find them to be without merit.

Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4